# UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

In re:

**CARLOS R. HOOKER,**                                    **Case No. 05-71861-DHA**

        **Debtor.**                                                 **Chapter 13**


**TIDEWATER FINANCE COMPANY,**

      **Plaintiff,**

v.                                                                        **APN 05-7070**

**CARLOS R. HOOKER,**

      **Defendant.**

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Complaint of Tidewater Finance to Deny Debtor a Discharge; both parties filed cross Motions for Summary Judgment. This Court must decide, as a matter of law, whether the debtor's second Chapter 7 petition was filed in accordance with 11 U.S.C. § 727(a)(8), which mandates a six year time period between Chapter 7 filings if the debtor received a discharge in the first Chapter 7, or whether that time period was tolled during the pendency of the debtor's intervening Chapter 13 filing. If the time period was tolled the debtor in this case is ineligible for a Chapter 7 discharge.

1

This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §§ 157(b)(2) and 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. FINDINGS OF FACT

The parties agree as to all of the material facts in this case.

The debtor filed for relief under Chapter 7 of the United States Bankruptcy Code ("Code") on January 29, 1999 (Case No. 99-20582) and received a discharge on May 6, 1999.

On December 16, 1999, the debtor entered into a Consumer Credit Retail Installment Contract and Security Agreement ("Agreement") with Auto Sport, Inc. for the purchase of a 1996 Land Rover; the Agreement was later assigned to Tidewater Finance Company ("TFC"). In accordance with that Agreement, the debtor currently owes TFC an amount somewhere between $17,706.00 and $21,944.00.[1]

On February 12, 2003, the debtor filed for relief under Chapter 13 of the Code (Case No. 03-71023), which listed the judgment to TFC as a debt; the case was open for two hundred-eleven days and then dismissed on September 11, 2003.

On April 4, 2005, the debtor filed his second Chapter 7 petition (Case No. 05-71861), six years and ninety-three days after the filing of his first Chapter 7.  This is the current case.

## II. ARGUMENTS

---

[1] The debtor's petition lists a 2003 judgment in favor of Tidewater Motor Credit (now known as TFC) in the amount of $17,706.00; TFC states, however, that the debtor owes it $21,944.00.  The Court is not concerned with this discrepancy as the amount owing is not being determined at this time and is immaterial to the issue being decided.

TFC argues that the debtor was not eligible to file his current Chapter 7 petition because the mandatory six year time period between filings, as prescribed in 11 U.S.C. § 727(a)(8), had not passed. TFC argues that the six year requirement is a statute of limitations, which was tolled when the debtor filed an intervening Chapter 13 petition and did not begin running again until that Chapter 13 was dismissed two hundred-eleven days later. TFC relies on the theory of equitable tolling, arguing that it was precluded from seeking any remedies against the debtor while his Chapter 13 case was open.

The debtor argues that because of the plain meaning of 11 U.S.C. § 727(a)(8) the debtor is entitled to a Chapter 7 discharge because he has not received such a discharge in a case commenced within six years. The debtor argues that equitable tolling is inappropriate for four reasons: 1) TFC is a general unsecured creditor who would receive nothing more in a Chapter 13 than it does in a Chapter 7, which in this case is nothing; 2) TFC's classification as a creditor is not harmed by any action of the debtor; 3) Congress has not given any special protections to general unsecured creditors like TFC in this case; and 4) TFC is attempting to deprive the debtor of his right to a discharge entirely, versus seeking a declaration of non-dischargeability as to the TFC debt alone.

## III. CONCLUSIONS OF LAW

### A. Summary Judgment Standard

Federal Rules of Civil Procedure 56, which is applicable to this proceeding pursuant to Federal Rules of Bankruptcy Procedure 7056, provides that summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file,

3

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (West 2005).

When considering a motion for summary judgment, the Court must view all facts and inferences

"'in a light most favorable' to the nonmoving party." *Detrick v. Panalpina, Inc.*, 108 F.3d 529,

536 (4th Cir. 1997) (quoting *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.

1985). When the parties have filed cross-motions for summary judgment, as they have here, this

same standard applies; therefore, the Court must consider the motions separately. *Local 2-1971

of PACE Intl. Union v. Cooper*, 364 F. Supp. 2d 546, 554 (W.D. N.C. 2005); *Dinatale v. United

States (In re Dinatale)*, 235 B.R. 569, 573 (Bankr. D. Md. 1999). As stated above, the material

facts are not in dispute and therefore summary judgment is appropriate.

B. Statutes of Limitation and Equitable Tolling

      A typical statute of limitation restricts the time in which a cause of action may be

brought. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 416 (1998). The primary purpose of such

limitations is to ensure fairness to all defendants. *Burnett v. New York Central Railroad Co.*, 380

U.S. 424, 428 (1965). Justice Jackson expounded on the purpose behind statutes of limitation as

> 'promot[ing] justice by preventing surprises through the revival of
> claims that have been allowed to slumber until evidence has been
> lost, memories have faded, and witnesses have disappeared. The
> theory is that even if one has a just claim it is unjust not to put the
> adversary on notice to defend within the period of limitation and
> that the right to be free of stale claims in time comes to prevail
> over the right to prosecute them.' Moreover, the courts ought to be
> relieved of the burden of trying stale claims when a plaintiff has
> slept on his rights.

*Id.* (Citation omitted).

      This desire to protect defendants can be outweighed, however, when in the interests of

justice a plaintiff should be allowed to pursue his rights. *Id.* Circumstances necessitating an

equitable tolling of the statute of limitation include instances when the plaintiff has filed "'a

defective pleading during the statutory period, or . . . has been induced or tricked by his

adversary's misconduct into allowing the filing deadline to pass.'" *Young v. United States*, 535

U.S. 43, 50 (2002) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The

Supreme Court has noted other circumstances where equitable tolling might also be appropriate.

*See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)(per curiam)(noting

that tolling is appropriate when the claimant received inadequate notice or where appointment of

counsel is pending); *Young v. United States*, 535 U.S. 43, 50 (2002)(holding that tolling was

appropriate where the debtors' action prevented the Internal Revenue Service from protecting its

secured claim).

While the doctrine of equitable tolling should be "'read into every federal statute of

limitation,'" *In re Stedham*, 327 B.R. 889, 901 (Bankr. W.D. Tenn. 2005)(quoting *Holmberg v.

Armbrecht*, 327 U.S. 392, 397 (1946)), it should only be extended sparingly. *Irwin*, 498 U.S. at

96; *In re Randall's Island Family Golf Centers, Inc.*, 288 B.R. 701, 704 (Bankr. S.D.N.Y 2003).

In fact, the doctrine may not be extended if doing so is inconsistent with a relevant statute.

*United States v. Beggerly*, 524 U.S. 38, 48 (1998); *Womble v. Pher Partners (In re Womble)*, 299

B.R. 810, 812 (N.D. Tex. 2003), *aff'd* 2004 U.S. App. Lexis 20514 (5th Cir. Tex. Sept. 29,

2004); *In re Stephen*, 288 B.R. 585, 588 (Bankr. M.D. Ga. 2002); *see also Honda v. Clark*, 386

U.S. 484, 501-02 (1967). "Congress must be presumed to draft limitations periods in light of this

background principle. That is doubly true when it is enacting limitations periods to be applied

by bankruptcy courts, which are courts of equity and 'apply the principles and rules of equity

5

jurisprudence.'" *Young*, 535 U.S. at 50 (quoting *Pepper v. Litton*, 308 U.S. 295, 304 (1939)). A prerequisite for extending equitable tolling is that the claimant has exercised due diligence in pursuing his claim, *Irwin*, 498 U.S. at 96; *In re 31-33 Corp.*, 100 B.R. 744, 748 (Bankr. E.D. Pa. 1989), which is particularly true in the context of bankruptcy. *Murphy v. Wray (In re Wray)*, 258 B.R. 777, 782 (Bankr. D. Ohio 2001) (quoting *In re United Insurance Management, Inc.*, 14 F.3d 1380, 1385-86 (9th Cir. 1994).

The Court's first inquiry when deciding whether to apply equitable tolling to a statute of limitations is one of legislative intent. *Burnett*, 380 U.S. at 426. "In order to determine congressional intent, we must examine the purposes and policies underlying the limitation provision, the Act itself, and the remedial scheme developed for the enforcement of the rights given by the Act." *Id.* at 427.

After analyzing under this standard, many courts have found reason to toll the statute of limitations set out in several sections of the Code. *In re Young*, 535 U.S. 43 (tolling the three-year look back period found in § 507(a)(8)(A)(i) when the debtors filed and remained in Chapter 13 case long enough for the three year period to expire and then moved to dismiss their Chapter 13 and filed a Chapter 7, the result of which would have rendered the otherwise non-dischargeable tax liabilities dischargeable); *In re United Insurance Management, Inc.*, 14 F.3d 1380 (holding that equitable tolling may be applied to § 546(a)(1), but did not do so due to the trustee's lack of diligence in pursuing claims); *Womble*, 299 B.R. 810 (tolling the statute of limitations in § 727(a)(2)(A) as the creditor was faced with having its debt discharged even though it had been prevented from pursuing its rights against the debtor, who was in bankruptcy during the entire time in which the creditor could have legally acted); *In re Randall's Island*

*Family Golf Centers*, 288 B.R. 701 (applying equitable tolling to § 546(a)(1)(A) where the

creditor did not sit on his rights, but rather filed a defective original pleading); *Deckelbaum v.*

*Cooter, Mangold, Tompert & Chapman, P.L.L.C.*, 275 B.R. 737 (D. Md. 2001) (applying

equitable tolling to § 549(d) because of the debtor's concealment of material facts); *In re*

*Everfresh Beverages, Inc.*, 238 B.R. 558 (Bankr. S.D.N.Y. 1999) (equitably tolling the statute of

limitations found in § 546(a) based on theories of fraudulent concealment and adverse

domination); *In re Shabazz*, 206 B.R. 116 (E.D. Va. 1996) (same holding as *In re Young*); *In re*

*Darden*, 202 B.R. 715 (E.D. Va. 1996) (same, except applying § 507(a)(8)(A)(ii)); *In re*

*Bowling*, 147 B.R. 383 (E.D. Va. 1992) (same holding as *In re Young*). It is important to note

that none of these cases deal with § 727(a)(8).

C.  Equitable Tolling and § 727(a)(8)

      The first question that must be answered is whether § 727(a)(8) is in fact a statute of

limitations.  We find that it is not.

      The relevant portions of § 727(a)(8) on the date this petition was filed states that "[t]he

court shall grant the debtor a discharge, unless…the debtor has been granted a discharge under

this section,…in a case commenced within 6 years before the date of the filing of the petition."

11 U.S.C. § 727(a)(8).  As stated above, a statute of limitations restricts the time period in which

a claimant may seek to enforce his rights; this section of the Code does not do that.  Instead, this

section spells out one condition that must be met before a person may obtain a Chapter 7

discharge.  Nowhere in this section is a creditor given a time frame within which to file a cause

of action against a debtor.  The purpose of the section is clear, to prevent debtors from habitually

filing liquidation cases and avoiding honest debt. *In re Baker*, 736 F.2d 481, 482 (8th Cir. 1984);

*In re Canganelli*, 132 B.R. 369, 379 (Bankr. N.D. Ind. 1991); *see also Johnson v. Home State Bank*, 501 U.S. 78, 87 (1991).

In an unreported case involving this same creditor and deciding this exact issue, Judge Derby likewise found that § 727(a)(8) is not a statute of limitation. *In re Williams*, No. 04-1823 at *8 (Bankr. D. Md. June 28, 2005), *appeal filed*, Civil Action 1:05-CV-02147-RDB (D. Md.). The *Williams* court found, and this Court concurs, that unlike §§ 546(a)(1), 548(a)(1) and 549(d), all of which prescribe time frames in which creditors, trustees, or debtors-in-possession are required to act to protect their interests, § 727(a)(8) is not "a deadline for a creditor or class of creditors to assert claims." *Williams*, No. 04-1823 at *9.

Additionally, a plain language interpretation of the code section, as required by *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242 (1989), does not support TFC's argument to apply equitable tolling to § 727(a)(8). *Id.* In fact, applying equitable tolling is inconsistent with the plain language of the statute, which means necessarily that tolling may not be applied. *Beggerly*, 524 U.S. at 48; *see In re Bevis*, 242 U.S. 805, 801 (Bankr. D. N.H. 1999). The statute simply states that a debtor shall obtain a Chapter 7 discharge if he has not received such a discharge in a case commenced within the previous six years; there are no limitations, no exceptions, and no carve outs. Congress could have easily included tolling language for pending Chapter 13 cases in this section, but it did not. We must assume that Congress did not intend for tolling to apply to § 727(a)(8).

Furthermore, adopting TFC's position would have a chilling effect on the filing of Chapter 13 petitions after a debtor has received a Chapter 7 discharge, when such filings have not been limited in the Code. Again, this Court cannot presume that Congress intends such an

8

effect, especially given the fact that it recently passed very strenuous requirements for debtors,

but did not include the tolling requirement that TFC is now proposing.

Finally, even if equitable tolling were allowed, it would not be appropriate as the Court

finds that TFC sat on its rights by not acting to enforce them when the debtor was not in

bankruptcy.

TFC relies heavily on the ruling in the *In re Young* case and asks that this Court extend

that holding to the facts of this case. In *Young*, the debtors were assessed a tax liability of

approximately $15,000 on January 3, 1994, and made payments on the debt until November

1995. On May 1, 1996, the debtors filed a Chapter 13 petition; at the time of filing the debtors

owed the IRS approximately $13,000. The debtors remained in Chapter 13 until March 13,

1997, when the case was dismissed on the debtors' motion. On March 12, 1997, the day before

their Chapter 13 case was dismissed, the debtors filed a "no asset" petition under Chapter 7,

meaning that the debtors did not have enough assets to satisfy all the unsecured creditors,

including the IRS.    Subsection 507(a)(8)(A)(i) automatically gives eighth priority to tax liability

that was last due within in the three years prior to the filing of the petition.  Since more than

three years had passed from the time of the assessment to the time of the Chapter 7 filing, the

debtors claimed that the debt to the IRS should be discharged.  The Court found this to be a

loophole in the Code and inapposite to its intentions.  The Court in *Young* held that the debtors'

own actions, regardless of intent, prevented the IRS from protecting its rights, thereby changing

the very nature of the IRS' claim from secured to unsecured.  The Court refused the debtors such

a benefit.

Unlike the creditor in *Young*, TFC was not precluded from protecting its rights in this case. Here, the debtor did *not* maintain a bankruptcy proceeding until such time that TFC's claim was substantively altered. In fact, discounting any time prior to the filing of the debtor's Chapter 13 case in which TFC could have pursued its available remedies against the debtor, TFC still had, at a minimum, eighteen months after the Chapter 13 case was dismissed and before the second chapter 7 case was filed in which to pursue its rights. It did not do so. TFC cannot now ask this Court to bar this debtor from his statutory right to a discharge because TFC chose not to act when it legally could have done so. The six year statutory period found in § 727(a)(8) does not prejudice TFC in any way.

## CONCLUSION

We have determined that the following resolution of the issues presented is appropriate under the facts of this case and the law as applied to those facts:

1.  Section 727(a)(8) contains no statute of limitations in which a creditor has an enforceable right, making the doctrine of equitable tolling inapplicable, therefore, TFC's Motion for Summary Judgment is **DENIED**.

2.  The debtor has not received a discharge in a Chapter 7 case commenced within the past six years and according to the plain meaning of § 727(a)(8) is entitled to file the current Chapter 7 petition; therefore, the debtor's Motion for Summary Judgment is **GRANTED**.

3.  TFC's Complaint to Deny Debtor's Discharge under § 727(a)(8) is **DISMISSED**.

**IT IS SO ORDERED.**

Norfolk, Virginia
December 27, 2005

/s/ David H. Adams
_____

DAVID H. ADAMS
United States Bankruptcy Judge


Entered on the docket: 12/27/05

Copies to:
    James R. Sheeran, Esq.
    Robert V. Roussos, Esq.
    Tom C. Smith, Jr., Trustee